UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-01648 GAF (AN) | Date | March 13, 2014 |
|---|---|---|---|
| Title | Kevin Douglas Martin v. Laura K. Furgione, et al. | | |

| Present: The Honorable | Arthur Nakazato, United States Magistrate Judge | |
|---|---|---|
| Stephen Ybarra | | none |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:**  (In Chambers) Order to Show Cause

On September 13, 2013, plaintiff Kevin Douglas Martin, in pro se, filed his complaint [1]. On March 4, 2014, Martin filed a "Proof of Service on the United States" ("POS") [4]. The POS is signed under penalty of perjury by an individual named Chrissie Martin, who declares under oath that copies of the summons and complaint were served by certified or registered mail on February 4, 2014, and that the copies of the signed return receipts are attached to the POS. However, copies of the signed return receipts are not attached to the POS. The FedEx receipts attached to the POS establish that Martin failed to serve process on any of the defendants in the manner required by Rule 4. Further, the FedEx receipts establish that Chrissie Martin has possibly committed perjury to the extent she declares under penalty of perjury that she served process on each of the defendants by registered or certified mail.

Worse, the Court finds that, in addition to being defective, service of process was not made within 120 days from the filing of the complaint as expressly required by Fed. R. Civ. Proc. ("Rule") 4(m), which requires this Court to dismiss a complaint if proper service of process is not made within 120 days after the filing of the complaint and the plaintiff cannot show good cause why service was not made within the required time.

Here, over 60 days has passed since January 11, 2014, the last day Martin had to complete proper and timely service of process. No answer or motion to dismiss has been filed by any defendant because they have not been properly served with process. Further, on February 10, 2014, the Court observes that the United States Attorney's office mailed a letter to Martin with a copy to the Court, that notified Martin he had not properly served process on any of the defendants.

Accordingly, the Court issues this Order to Show Cause ("OSC"). Specifically, on or before **MARCH 21, 2014,** Martin is ordered to show good cause in writing why this action should not be dismissed for his failure to serve defendants within the required time and manner required by Rule 4(m). Martin is notified this case will be dismissed if he fails to comply with this OSC. Rule 41(b). No further notice will be given.

| | : | |
|---|---|---|
| | Initials of Preparer | shy |